IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RONNIE DYSON,

    Plaintiff,

v.                                                CASE NO. 1:11-cv-132-MP-GRJ

BRIAN LIGGAN, et al.

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1331 against 21 named Defendants, and seeks leave to proceed as a pauper. Docs. 1 and 2. Plaintiff is a resident of Gainesville, Florida, and according to the Complaint at least 14 of the named Defendants reside in Virginia or Maryland; there is no allegation that any Defendants reside in the Northern District of Florida. Plaintiff's claims are somewhat vague, but they stem from Plaintiff's lease of a home at 1514 Perry Street in Richmond, Virginia, which Plaintiff alleges had structural and other defects. Plaintiff alleges that he incurred costs and sustained physical injuries in connection with the defects, that the property was placed in foreclosure, and that he was wrongfully evicted from the property. Plaintiff contends that Defendants violated his rights under the Americans with Disabilities Act, the Fair Housing Act, the Civil Rights Act of 1991, and other statutes. Doc. 1.

Venue is proper in a civil action not founded solely on diversity only in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events giving rise to the claims occurred; or (3) where any defendant may be found, if there is no district in which the action may otherwise be

brought. 28 U.S.C. § 1391(b). The allegations of the Complaint reflect that the Defendants do not all reside in the same state. The allegations reflect that all of the events giving rise to the claims occurred in Richmond, Virginia, where the leased property at issue is located. Richmond, Virginia, is within the jurisdiction of the United States District Court for the Eastern District of Virginia, Richmond Division. Accordingly, this case should have been filed in that District. *See* 28 U.S.C § 1391(b).

Pursuant to 28 U.S.C. § 1406(a) where, as here, a case has been filed in the wrong venue, "[T]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought." In view of the fact that the Plaintiff is proceeding *pro se,* transfer of this case rather than dismissal would be in the interests of justice.

In light of the foregoing, it is respectfully **RECOMMENDED** that pursuant to 28 U.S.C. § 1406(a) this case be **TRANSFERRED** to the United States District Court for the Eastern District of Virginia, Richmond Division.

**IN CHAMBERS** at Gainesville, Florida, this 11th day of July 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 1:11-cv-132-MP-GRJ*